■ In the Matter of JAMES KELLY, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [609 NYS2d 598] —Order and judgment (one paper) of the Supreme Court, New York County (Martin Stecher, J.), entered November 24, 1992, which held respondents in contempt, fined them $250, ordered that respondents pay petitioner's costs, expenses, and attorneys' fees fairly related to the finding of contempt (to be determined after reference to a Special Referee), ordered that

respondents administer promotional competitive examinations for the position of Administrative Plant Manager at various levels, ordered that respondents comply with the requirements of rule 5.3.5 of the Department of Personnel of the City of New York (59 RCNY Appendix A), and ordered the dismissal of that portion of the petition to annul certain provisions of the notice of examination, unanimously modified on the law to the extent of vacating the finding of contempt against respondent Chancellor Fernandez, the fine as against him, and the order that he contribute to the payment of petitioner's costs, expenses, and attorneys' fees fairly related to the finding of contempt, to the further extent of vacating the order that respondents administer examinations and the order that respondents comply with the requirements of rule 5.3.5, and to the further extent of dismissing with prejudice that portion of the petition seeking to annul certain provisions of the notice of examination, and except as so modified, affirmed, without costs.

Subdivision (7) of section 201 of the Civil Service Law was amended, effective November 24, 1993, by adding a new paragraph (g) to read as follows: "(g) Notwithstanding the provisions of any general, special or local law or code to the contrary, for the purposes of this article and with respect to employees of a city school district having a population of one million or more inhabitants, members in a title of school plant manager shall be designated as managerial and confidential employees in the noncompetitive classification." (L 1993, ch 722, § 2.)

The order of the Supreme Court directing the administration of competitive examinations related to examinations for the position of Administrative Plant Manager at various levels, namely, School District level, Borough level, Assistant to the Chief level, and Chief level, thus becomes moot. No examinations of any kind will be required for positions governed by the new paragraph (g). Paragraph (g) concerns only "employees of a city school district having a population of one million or more inhabitants," which limits it at present and in the foreseeable future to New York City. It refers to "members in a title of school plant manager," and it is clear that even if the title of Administrative Plant Manager were to be continued, the plants they would be managing would be school plants and paragraph (g) would apply to such positions.

In one of the proposals by the Board of Education, indeed,

the title proposed was Administrative School Plant Manager, an amalgam of the two titles. It is clear that an Administrative Plant Manager and a School Plant Manager are the same thing, that both are governed by paragraph (g), and that no examinations of any kind are now required with respect to them.

The order of the IAS Court that respondents comply with rule 5.3.5 of the Department of Personnel relating to promotional examinations similarly becomes moot.

The orders of that court that respondents be held in contempt and pay petitioner's costs, expenses, and attorneys' fees must exclude therefrom Joseph Fernandez, former Chancellor of the Board of Education of the City of New York, since the prior order of that court directed only the Director of the Department of Personnel, and not the Chancellor, to hold the examination and the Chancellor is not empowered to conduct civil service examinations.

The dismissal of that portion of the petition seeking to annul provisions of the notice of examination, though affirmed, must, because of mootness, be with prejudice. Concur —Sullivan, J. P., Carro, Kupferman and Nardelli, JJ.